

P
ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

JUL -8 PH 12: 26

DEPUTY CLERK ___ NT

| | | |
|---|---|---|
| G. CHRIS ONORATO, on behalf of himself and others similarly-situated, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | |
| ABC DEBT RELIEF, LTD. CO., THE DEBT ANSWER, LLC, LLOYD WARD, P.C. D/B/A LLOYD WARD & ASSOCIATES, and LLOYD REGNER, | § § § § § § | CIVIL ACTION NO. _____ **3-10CV1332-P** |
| *Defendants.* | § § | |

**COLLECTIVE ACTION COMPLAINT AND VERIFIED MOTIONS FOR**
**TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff G. CHRIS ONORATO, by and through his counsel, for his Complaint against

Defendants ABC DEBT RELIEF, LTD. CO., THE DEBT ANSWER, LLC, LLOYD WARD,

P.C. D/B/A LLOYD WARD & ASSOCIATES, and LLOYD REGNER (collectively, the

"Defendants"), seeks to recover for Defendants' violations of the Fair Labor Standards Act of

1938 (FLSA), 29 U.S.C. §§ 201 *et seq.*, and hereby states and alleges as follows:

## I.   INTRODUCTION

1.      This is a collective action brought pursuant to the Fair Labor Standards Act of

1938, 29 U.S.C. §§ 201-219 (hereinafter the "FLSA") by Plaintiff G. Chris Onorato (hereinafter

"Plaintiff"), on behalf of himself and all others similarly-situated, who were formerly or are

currently employed as debt consultants by Defendants. *See* 29 U.S.C. § 216(b).

2.      Defendants required and/or permitted Plaintiff to work in excess of forty (40)

hours per week, but refused to compensate him for such hours. Such conduct by Defendants was

a violation of the FLSA which requires non-exempt employees to be compensated for their overtime work. *See* 29 U.S.C. § 207(a).

3.      Further, Defendants forcibly placed Plaintiff on unpaid "administrative leave," forcibly removed Plaintiff from his office, and threatened Plaintiff with termination upon notification that Plaintiff intended to pursue this action due to Defendants' violations of the FLSA. *See* E-Mail entitled "Cease & Desist" sent by R. Longo, CFO, ABC Debt Relief, Ltd. Co. and The Debt Answer, LLC, to C. Oronato, carbon copy to L. Ward, L. Regner, M. Bixler, and K. Devoto (July 2, 2010), a true and correct copy of which is attached hereto as <u>Exhibit A</u>. Such conduct by Defendants was a violation of the FLSA which prohibits an employer from retaliatory conduct in response to an employee pursuing claims under the FLSA. *See* 29 U.S.C. § 215(a)(3).

4.      As of result of such violations of the FLSA by Defendants, Plaintiff brings this action seeking legal and equitable relief provided under the FLSA.

## II.      JURISDICTION

5.      This Court has jurisdiction over the subject matter of this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, 1337.

6.      Venue is proper in the Northern District of Texas under 28 U.S.C. § 1391(b)(1) because Defendants maintain offices in Dallas County, Texas and are thus deemed to reside within this District. Venue is also proper in the Northern District of Texas because a substantial portion of the events forming the basis of this Complaint occurred in this District.

## III.      THE PARTIES

7.      Plaintiff G. CHRIS ONORATO is a debt consultant currently employed by Defendants. He presently resides in Dallas County, Texas and has been a resident of Dallas

County during all material times. Further, Plaintiff worked for Defendants as a debt consultant at their offices in Dallas County during all material times. Finally, Plaintiff was, at all material times, a covered, non-exempt employee of Defendants within the meaning of the FLSA, 29 U.S.C. §§ 203(e), (g).

8.     Defendant ABC DEBT RELIEF, LTD. CO. ("ABC") is a for-profit, Texas limited liability company primarily marketing and providing debt settlement plans to members of the general public. Service of process may be had on ABC Debt Relief, Ltd. Co. at 12655 N. Central Expressway, Suite 800, Dallas, Texas 75243.

9.     Defendant THE DEBT ANSWER, LLC ("The Debt Answer") is a for-profit, Texas limited liability company primarily marketing and providing debt settlement plans to members of the general public. Service of process may be had on The Debt Answer at 12655 N. Central Expressway, Suite 800, Dallas, Texas 75243.

10.    Defendant LLOYD WARD, P.C. D/B/A LLOYD WARD & ASSOCIATES ("Lloyd Ward") is a law firm that provides debt reduction and debt settlement plans to members of the general public. Service of process may be had on Lloyd Ward, P.C. d/b/a Lloyd Ward & Associates at 17120 Dallas Parkway, Suite 235, Dallas, Texas 75248-1144.

11.    Defendant LLOYD REGNER ("Regner") is the chief executive officer of ABC Debt Relief, Ltd. Co. and The Debt Answer, LLC. During all material times, Regner was a supervisor of Plaintiff actively involved in the management of ABC and The Debt Answer. Service of process may be had on Lloyd Regner at 12655 N. Central Expressway, Suite 800, Dallas, Texas 75243.

## IV.   COVERAGE

12.   Defendants transact business in the Northern District of Texas.

13.   At all material times, Defendants have been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

14.   At all material times, Defendants have been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

15.   At all material times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce.  29 U.S.C. § 203(s)(1).

16.   Defendants have had, and continue to have, an annual gross income of sales made or business done of not less than $500,000.  29 U.S.C. § 203(s)(1).

17.   At all material times, Plaintiff was an individual employee engaged in commerce as required by the FLSA, 29 U.S.C. §§ 206, 207.

## V.   GENERAL FACTUAL ALLEGATIONS

18.   Plaintiff is employed by Defendants as a debt consultant.  Plaintiff has been required and/or permitted to work overtime hours but not paid time and one-half for all hours worked over forty (40) hours in a given workweek.  Plaintiff is paid on a commission-only basis.

19.   For at least three (3) years prior to filing this Complaint and continuing (hereinafter the "Liability Period"), Defendants have had a policy and practice of not correctly compensating their debt consultants for work performed for the benefit of Defendants over and above forty (40) hours per week, to wit:  virtually all debt consultants received a forgivable draw during their first ninety (90) days of employment and a non-forgivable draw per month thereafter.

20.     Debt consultants, such as Plaintiff, qualify debtors for debt settlement plans of Defendants by verifying that the debtor possesses at least ten thousand dollars ($10,000) in debt. Next, debt consultants analyze whether each creditor comprising the ten thousand dollars ($10,000) is owed at least six hundred dollars ($600) and if there are contracts in place between the creditor and Defendants.  The debt consultant sets up an account with Defendants for each creditor.  Lastly, the debt consultant verifies the debtor's bank accounts and assists the debtor in picking a payment plan.

21.     Once a plan is chosen, the debt consultant, using Defendants' guidelines, sets up a monthly draft on the debtor's bank account whereby Defendants obtains their fee and moneys to satisfy the debtor's creditors.  Eighty-five percent (85%) of Defendants' fee is collected from debtors' accounts within the first ninety (90) days.  Debt consultants receive a fee from the first monthly draft which is a percentage determined by the total volume of drafts occurring monthly attributable to that debt consultant.

22.     Debt consultants are required to work a minimum of twelve (12) hours per day but are expected to work as many hours as necessary to reach assigned sales goals at the behest of the Defendants.  Accordingly, debt consultants regularly work fourteen to sixteen (14-16) hours per day.

23.     Debt consultants work at least six (6) days per week.

24.     As stated above, debt consultants do not receive overtime for hours worked over forty (40) in any week.

25.     Upon receiving notice of Plaintiff's intent to pursue claims under the FLSA, Defendants, in direct retaliation thereof, placed Plaintiff on unpaid "administrative leave,"

forcibly removed Plaintiff from his office, and threatened Plaintiff with termination if he spoke with other debt consultants or employees of Defendants.

## VI.   COLLECTIVE ACTION ALLEGATIONS

26.    Paragraphs 1-25 are incorporated herein as if set forth in full.

27.    Plaintiff (the "Collective Action Representative") brings this FLSA claim, as an "opt-in" collective action pursuant to 90 U.S.C. § 216(b) (the "Collective Action").  In addition to the claims of the individually named Plaintiff, Plaintiff brings this action as representative of all similarly-situated former and current employees of the Defendants.  The potential class of "opt-in" employees can be defined as:

> *All current and former Debt Consultants paid under a compensation system where they were not compensated for all hours worked or related overtime at the rate of time and one-half for all hours worked over forty (40).*

28.    FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

29.    Plaintiff, individually and on behalf of other similarly-situated employees, seeks relief on a collective basis challenging, among other FLSA violations, the following: (1) Defendants' practice of failing to accurately record all hours worked; and (2) Defendants' failure to pay employees overtime compensation.

30.    The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendants, and potential class members may easily and quickly be notified of the pendency of this action.

31.    Potential Collective Action members may be informed of the pendency of this collective action through direct mail and office posting.  Plaintiff believes current and former debt consultants may have been affected.

32.    There are questions of fact and law common to the class that predominates over any questions affecting only individual members.  The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

(a)    Whether Plaintiff was compensated for all hours worked;

(b)    Whether Plaintiff worked more than forty (40) hours per week;

(c)    Whether Plaintiff was compensated time and one half his "regular rate" for all hours worked over forty in any and all weeks;

(d)    Whether Defendants' practices accurately account for the time Plaintiff actually was working;

(e)    Whether Defendants' compensation policy and practice is illegal; and

(f)    Whether Defendants had a policy and practice of willfully failing to record and compensate employees for overtime.

33.    The questions set forth above predominate over any questions affecting only individual persons, and a collective action is superior, with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the federal law claims.

34.    The Collective Action Representative's claims are typical of those of the similarly-situated employees in that these employees have been employed in the same or similar positions as the Collective Action Representative and were subject to the same or similar unlawful practices as the Collective Action Representative.

35.    A collective action is the appropriate method for the fair and efficient adjudication of this controversy.  Defendants have acted or refused to act on grounds generally applicable to the similarly-situated current and former employees.  The presentation of separate actions by individual similarly-situated current or former employees could create a risk of inconsistent and

varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of Collective Action members to protect their interests.

36.     The Collective Action Representative is an adequate representative of similarly-situated current and former employees because they are employees of the same entities and their interests do not conflict with the interests of the other similarly-situated current and former employees they see to represent. The interests of the members of the class of employees will be fairly and adequately protected by the Collective Action Representative and their undersigned counsel, who have extensive experience prosecuting complex collective action lawsuits. Furthermore, employees are interchangeable as production needs dictate and, as a result, they are all similar regardless of title or supervisor.

37.     Maintenance of this action as a collective action is a fair and efficient method for the adjudication of this controversy.  It would be impracticable and undesirable for each member of the collective action who suffered harm to bring a separate action.   In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications.  On the other hand, a single collective action can determine, with judicial economy, the rights of all collective action members.

### VII.   COUNT I
### (Violation of FLSA, 29 U.S.C. § 207(a))

38.     Paragraphs 1-37 are incorporated herein as if set forth in full.

39.     At all material times, Plaintiff has been an employee of Defendants.

40.     At all material times, Defendants required and/or permitted Plaintiff to work in excess of forty (40) hours per week, but refused to compensate him for such hours.

41.     Such conduct by Defendants was a violation of the FLSA which requires non-exempt employees to be compensated for their overtime work. *See* 29 U.S.C. § 207(a).

42.     Accordingly, Plaintiff and all persons similarly-situated have been deprived overtime compensation in amounts to be determined at trial.

43.     Further, Plaintiff and all persons similarly-situated are entitled to recovery of such amounts in addition to liquidated damages, including without limitation costs of court, expenses, and attorneys' fees. *See* 29 U.S.C. § 216(b).

## VIII.   COUNT II
### (Violation of FLSA, 29 U.S.C. § 215(a)(3))

44.     Paragraphs 1-43 are incorporated herein as if set forth in full.

45.     On or about July 1, 2010, Plaintiff notified Defendants that he intended to pursue claims due to Defendants' aforementioned violations of the FLSA.

46.     In direct retaliation and in response to said notification, Defendants forcibly placed Plaintiff on unpaid "administrative leave," forcibly removed Plaintiff from his office, and threatened Plaintiff with termination should he communicate with any of Defendants' employees. *See* Ex. A ("You are to cease and desist any and all contact with any employees of ABC Debt Relief or the employees of Lloyd Ward and Associates while we review the allegations of your threatened lawsuit. Any further contact with such employees shall be grounds for termination for violation of company policy."); *see also Stewart v. Mississippi Trans. Comm.*, 586 F.3d 321, 332 (5th Cir. 2009) ("Placing an employee on paid administrative leave, however, cannot be said to be a 'petty slight.' Indeed, depending on the circumstances, it may range from a completely benign measure to one that stigmatizes an employee and causes significant emotional distress. Forced leave may even affect an employee's opportunities for future advancement.")

47.     Such retaliatory conduct in response to FLSA claims is a violation of the FLSA. *See* 29 U.S.C. § 215(a)(3).

48.    Accordingly, Plaintiff is entitled to such legal or equitable relief as may be appropriate to effectuate the purposes of 29 U.S.C. § 215(a)(3), including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. *See* 29 U.S.C. § 216(b).

49.    Further, Plaintiff and all persons similarly-situated are entitled to recovery of such amounts in addition to liquidated damages, including without limitation costs of court, expenses, and attorneys' fees. *See* 29 U.S.C. § 216(b).

## IX.    VERIFIED MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

50.    Paragraphs 1-49 are incorporated herein as if set forth in full.

51.    As explained herein, Defendants have retaliated against Plaintiff for asserting violations of the FLSA by Defendants. Specifically, Defendants have compulsorily placed Plaintiff on unpaid "administrative leave," forcibly removed Plaintiff from his office, and threatened Plaintiff with termination should he communicate with any of Defendants' employees. *See* Ex. A.

52.    Retaliation for complaining of a wage and hour violation under the FLSA is statutorily prohibited by 29 U.S.C. §215(a)(3).

53.    Injunctive relief requiring an employer to reinstate and return the Plaintiff to the status quo is specifically authorized by 29 U.S.C. §216(b). This section provides in relevant part that "[a]ny employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate...including without limitation, employment reinstatement..." 29 U.S.C. §216(b).

54.    In order to In light of the circumstances and Defendants' acts of retaliation, Plaintiff moves for injunctive relief in the form of a Temporary Restraining Order and

Preliminary Injunction to enjoin Defendants: (1) from terminating Plaintiff's employment; (2) to remove Plaintiff from "administrative leave" and restore him as an active employee; (3) to allow Plaintiff to work in his office; and (4) to allow Plaintiff to communicate with employees of the Defendants as necessary to perform his job functions.

55.     Plaintiff further moves the Court to issue a Temporary Restraining Order and Temporary Injunction enjoining Defendants from any further retaliation or threat of retaliation against Plaintiff.

56.     The purpose of injunctive relief, such as a temporary restraining order or a preliminary injunction, is "to protect the plaintiff from irreparable injury and to preserve the district court's power to render a meaningful decision after a trial on the merits." *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

57.     The grant or denial of such injunctive relief rests in the discretion of the trial court. *See id.* This discretion has traditionally been examined in light of the following factors: (1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant; and (4) that granting the preliminary injunction will not disserve the public interest. *See id.* (preliminary injunction); *see also Indeplus Group of Cos., Inc. v. Sebelius*, Civil Action No. 3:10-CV-0557-O, mem. op. & order, 2010 WL 1372488 (N.D.Tex. April 7, 2010) (temporary restraining order).

58.     There is a substantial likelihood that Plaintiff will prevail on the merits of this action. Defendants have taken affirmative steps to retaliate against the Plaintiff. After being informed in writing of Plaintiff's claims that the Defendants violated the FLSA, Defendants placed the Plaintiff on unpaid leave and forcibly removed him from the office. Defendants have

further threatened termination, to the extent that indeterminate unpaid leave is not already constructive discharge, should the Plaintiff speak with any of his co-workers. Such conduct constitutes clear retaliatory conduct. *C.f. Zhang v. Great Rose Fashion, Inc.* 2009 WL 1544749 *18 (E.D.N.Y)( finding that where a Plaintiff's hours were "steadily reduced" retaliation occurred.)

59.    There is a substantial threat that Plaintiff will suffer irreparable injury if the temporary restraining order and preliminary injunction are not granted. "A retaliatory discharge carries with it the distinct risk that other employees may be deterred from protecting their rights. . .or from providing testimony for the plaintiff in [his] effort to protect [his] own rights." *Holt v. Continental Group Group Inc.*, 708 F.2d 87, 91 (2nd Cir. 1983); *see also Mitchell v. Robert Demario Jewelry, Inc.* 361 U.S. 288, 292 (1960) ("[I]t needs no argument to show that fear of economic retaliation might often operate to induce aggrieved employees quietly to accept substandard conditions.") "These risks, as opposed to the financial and psychological distress that often follows a termination, may be found to constitute irreparable injury." *Garcia v. Lee*, 2010 WL 2102903 *2 (E.D.N.Y May 26, 2010). Thus the Defendants' actions in placing the Plaintiff on unpaid administrative leave, barring him from entering his office building, and threatening him with "termination" should he communicate with his fellow employees clearly threatens an irreparable injury. Further, these actions serve to stigmatize Plaintiff by intimidating his fellow employees from pursuing the lawful rights available to them. By "making an example" of Plaintiff, Defendants are hoping to prevent them from joining in this action.

60.    The threatened injury to Plaintiff outweighs the threatened harm the temporary restraining order and preliminary injunction may do to Defendants. In fact, Defendants will

---



benefit from the granting of the requested injunctive relief. Plaintiff has consistently performed at or near the top twenty percent (20%) of debt consultants under the employ of Defendants. In 2010, Plaintiff's work has earned the Defendants approximately $606,735 in net income. Accordingly, the aforementioned injury to Plaintiff from Defendants' retaliation markedly outweighs any potential harm—if any—that injunctive relief would impose of Defendants.

61.    Granting the temporary restraining order and preliminary injunction will not disserve the public interest. Instead, denial of such injunctive relief will disserve the public interest by diluting the FLSA. The purpose for the enactment of 29 U.S.C. § 215(a)(3) was to permit employees to feel free to approach employers with grievances and to enhance compliance with the substantive provisions of the FLSA. Through their conduct, Defendants' have sought to punish Plaintiff for asserting his lawful rights under the FLSA. Accordingly, granting the requested Verified Motions for Temporary Restraining Order and Preliminary Injunction will serve the public interest and promote the purpose of enacting the FLSA.

## X.    **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that this Court enter judgment in Plaintiff's favor, granting the following relief:

(a)    at the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly-situated current and former employees of Defendants, as described above, of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action if they did not receive proper overtime for hours worked in excess of forty (40) in a week;

(b)    issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated employees damages in the form of reimbursement for unpaid premium overtime wages (past and future) for all time spent in excess of forty (40) hours per week performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

(c)    issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of overtimes wages owed to them;

(d)    at the earliest possible time, issue a Temporary Restraining Order and Temporary Injunction enjoining Defendants: (1) from terminating Plaintiff's employment; (2) to remove Plaintiff from "administrative leave" and restore him as an active employee; (3) to allow Plaintiff to work in his office; and (4) to allow Plaintiff to communicate with employees of the Defendants as necessary to perform his job functions.

(e)    at the earliest possible time, issue a Temporary Restraining Order and Temporary Injunction enjoining Defendants from any further retaliation or threat of retaliation against Plaintiff;

(f)    issue an Order directing Defendants to reimburse Plaintiff and other similarly-situated employees for the costs of court, expenses, and attorneys' fees expended in the course of litigating this action, with pre-judgment and post-judgment interest; and

(g)    provide Plaintiff with such other and further relief as the Court deems just and proper.

## XI.   <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby requests trial by jury of all issues triable by jury under Texas and Federal law.



Dated this 8th day of July, 2010.

Respectfully submitted,

By:

Charles W. Branham, III
State Bar No. 24012323
Jeffrey Goldfarb
State Bar No. 00793820
GOLDFARB BRANHAM LLP
Saint Ann Court
2501 N. Harwood Street, Suite 1801
Dallas, TX 75201
214.583.2333 (Telephone)
214.583.2234 (Facsimile)
tbranham@goldfarbbranham.com
jgoldfarb@goldfarbbranham.com

**ATTORNEYS FOR PLAINTIFF
G. CHRIS ONORATO, on behalf of himself
and others similarly-situated**

## CERTIFICATE OF CONFERENCE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that I have provided notice of intent to file the foregoing document upon each of the Defendants in this action by certified mail, return receipt requested and email on this 8th day of July, 2010. To date the Defendants have not responded to any communications from Plaintiff's counsel. Thus, this matter is submitted to the Court for determination.

Charles W. Branham, III

## VERIFICATION

STATE OF TEXAS          §
                        §
DALLAS COUNTY           §

Before me, the undersigned notary, on this day personally appeared G. Chris Onorato (the "Affiant"), a person whose identity is known to me. After I administered an oath to Affiant, Affiant testified:

"My name is G. Chris Onorato. I am capable of making this verification. I have read the attached Collective Action Complaint and Verified Motions for Temporary Restraining Order and Preliminary Injunction. The facts stated within the pleading are within my personal knowledge and are true and correct."

_____
G. Chris Onorato

SUBSCRIBED AND SWORN TO BEFORE ME on this the 6th day of July, 2010.

OFFICIAL SEAL
CAROLINE EMDE
NOTARY PUBLIC – OKLAHOMA
OKLAHOMA COUNTY • COMM. #10000866
My Comm. Expires Feb. 1, 2014

_____
NOTARY PUBLIC
exp 2-1-2014


**REDACTED**

--- On Fri, 7/2/10, Rick Longo <Rick@thedebtanswer.com> wrote:

From: Rick Longo <Rick@thedebtanswer.com>
Subject: Cease & Desist
To: "Chris Onorato" <chrisonorato@yahoo.com>
Cc: lward@lloydward.com, "Kevin D" <kevin@thedebtanswer.com>, "Lloyd Regner"
<lloyd@thedebtanswer.com>, "Melanie Bixler" <mbixler@thedebtanswer.com>
Date: Friday, July 2, 2010, 7:22 PM

Chris,

Per the instructions of Mr. Lloyd Ward comes the following;

 You are to cease and desist any and all contact with any employees of ABC Debt Relief or the
employees of Lloyd Ward and Associates while we review the allegations of your threatened lawsuit.
Any further contact with such employees shall be grounds for termination for violation of company
policy. We will have finished review of your allegations within the statutory 15 day time period.

Thank you for your cooperation,

Rick Longo, CFO
ABC Debt Relief Ltd. Co.
The Debt Answer LLC
rick@thedebtanswer.com
440-465-5793

No virus found in this incoming message.
Checked by AVG - www.avg.com
Version: 9.0.830 / Virus Database: 271.1.1/2985 - Release Date: 07/06/10 01:36:00



EXHIBIT

A

℘JS 44 (TXND Rev. 2/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| G. Chris Onorato, on behalf of himself and others similarly situated | ABC Debt Relief, Ltd. Co., The Debt Answer, LLC, Lloyd Ward, P.C. d/b/a Lloyd Ward & Associates, and Lloyd Regner |

(b) County of Residence of First Listed Plaintiff   Dallas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Dallas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED
BY
JUL - 8 2010
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

(c)  Attorney's (Firm Name, Address, and Telephone Number)
Charles W. Branham and Jeffrey Goldfarb, Goldfarb Branham LLP, Saint
Ann Court, 2501 N. Harwood St., Suite 1801, Dallas, Texas 75201

Attorneys (If Known)

3-10CV1332-P

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1   U.S. Government Plaintiff | ☒ 3   Federal Question (U.S. Government Not a Party) |
| ☐ 2   U.S. Government Defendant | ☐ 4   Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | IMMIGRATION | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. §§ 201 et seq. (Fair Labor Standards Act)
Brief description of cause:
Violations of 29 U.S.C. §§ 201 et seq. (Fair Labor Standards Act)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:  (See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE 07/08/2010   SIGNATURE OF ATTORNEY OF RECORD _____

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____