IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN PARKER, MICHAEL FRANK, | § | |
| MARK DAILEY and JEREMY COZART, | § | |
| on behalf of themselves and others | § | |
| similarly-situated, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-1332-P |
| | § | |
| ABC DEBT RELIEF, LTD. CO., | § | |
| THE DEBT ANSWER, LLC, | § | |
| LLOYD WARD, P.C. d/b/a LLOYD | § | |
| WARD & ASSOCIATES, LLOYD | § | |
| REGNER, and LLOYD WARD, | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANTS LLOYD WARD AND LLOYD WARD, P.C.'S BRIEF IN SUPPORT OF
SUMMARY JUDGMENT**

> **LLOYD E. WARD**
> State Bar No. 20845100
> **LLOYD WARD & ASSOCIATES, P.C.**
> 12655 North Central Expressway,
> Suite 1000
> Dallas, Texas 75243
> Telephone (972) 361-0036
> Facsimile (972) 361-0039
>
> **JOSHUA W. CARDEN**
> State Bar No. 24050379
> **JOSHUA CARDEN LAW FIRM, P.C.**
> 545 E. John Carpenter Freeway,
> Suite 300
> Irving, Texas 75062
> Telephone (972) 674-3885
> Facsimile (972) 674-2935

**ATTORNEYS FOR DEFENDANTS LLOYD WARD, LLOYD WARD, P.C.**

# TABLE OF CONTENTS

Table of Authorities ........................................................................................................3

I. Summary ...................................................................................................................5

II. Statement of Facts ..................................................................................................6

III. Argument ..............................................................................................................8

    A.  Summary Judgment Standard ........................................................................8

    B.  Neither Lloyd Ward Nor Lloyd Ward, P.C. Are "Employers" In This Case As A Matter of Law. ...................................................................................................................9

        1.  FLSA's "Employer" definition applied – the economic realities test.........................9

        2.  Lloyd Ward, P.C. was not an employer of the Plaintiffs. .........................................11

        3.  Lloyd Ward was not an employer of the Plaintiffs ...................................................13

    C.  Lloyd Ward, P.C. Is Not Part Of A "Single Enterprise" With Other Defendants In This Case As A Matter Of Law ........................................................................................15

        1.  FLSA's "enterprise" definition applied. ................................................................15

        2.  Lloyd Ward, P.C. was not part of an "enterprise" under the test............................15

            a.  Related Activities.................................................................................................15

            b.  Unified Operation or Common Control..............................................................16

            c.  Common Business Purpose..................................................................................18

    D.  Lloyd Ward, P.C. Is Not Part Of A "Single Enterprise" With Other Defendants In This Case As A Matter Of Law ........................................................................................18

IV. Conclusion ...........................................................................................................19

# TABLE OF AUTHORITIES

## CASES

*Baranowski v. Hart*, 486 F.3d 112 (5th Cir. 2007) .......................................................8

*Beliz v. W.H. McLeod & Sons Packing Co.,* 765 F.2d 1317 (5th Cir. 1985) ..............................9

*Boudreaux v. Swift Transp. Co*., 402 F.3d 536 (5th Cir. 2005) ................................8, 9

*Brennan v. Veterans Cleaning Service, Inc.,* 482 F.2d 1362 (5th Cir. 1973) .....................15, 18

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ........................................................8

*Connors v. Graves*, 538 F.3d 373 (5th Cir. 2008) .......................................................9

*Cosand v. Gray Wolfe Co*., 262 S.W.2d 547 (Tex.Civ.App.—Galveston 1953, no writ)........................................................................................................13

*Donovan v. Easton Land & Development, Inc.*, 723 F.2d 1549 (11th Cir.1984) ......................17

*Donovan v. Grim Hotel Co*., 747 F.2d 966 (5th Cir. 1984) ...............................10, 11, 14, 17, 18

*Donovan v. Janitorial Services, Inc.,* 672 F.2d 528 (5th Cir. 1982)....................................15, 18

*Donovan v. Sabine Irrigation Co., Inc*., 695 F.2d 190 (5th Cir. 1983)....................................9, 14

*Dunlop v. Ashy*, 555 F.2d 1228 (5th Cir.1977)............................................................15

*Dunlop v. Lourub Pharmacy, Inc.*, 525 F.2d 235 (6th Cir.1975) ...............................................16

*Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132 (2d Cir.1999) ....................................................10

*Krenek v. Epps Super Market No. 2, Inc*., 377 S.W.2d 753 (Tex.Civ.App.—Austin 1964, no writ)..........................................................................................................12

*Little v. Liquid Air Corp*., 37 F.3d 1069 (5th Cir. 1994) ...........................................................9

*Nail v. Wichita Falls & Southern Railroad Co*., 294 S.W.2d 431 (Tex.Civ.App.—Fort Worth 1956, no writ).......................................................................................12

*Newton v. City of Henderson*, 47 F.3d 746 (5th Cir. 1995) ...........................................................8

*Reich v. Bay, Inc.*, 23 F.3d 110 (5th Cir. 1994) ............................................................16, 17, 18

*Reich v. Circle C. Investments, Inc.*, 998 F.2d 324 (5th Cir. 1993)....................................13, 14

*Riordan v. Kempiners*, 831 F.2d 690 (7th Cir.1987) ................................................................10

*Rudy v. Consol. Rest. Companies, Inc.*, 3:08-CV-0904-L BF, 2010 WL 3565418
(N.D. Tex. Aug. 18, 2010) ...................................................................................10

*Shultz v. Mack Farland & Sons Roofing Co.,* 413 F.2d 1296 (5th Cir. 1969).....................15, 17

*Sossamon v. Lone Star State of Tex.*, 560 F.3d 316 (5th Cir. 2009) .............................................8

*Stessel v. Bekins Van & Storage Co.*, 461 S.W.2d 434 (Tex.Civ.App.--San Antonio
1970, no writ) .......................................................................................................12

*Thomas v. Cactus Drilling Corp. of Texas*, 405 S.W.2d 214 (Tex.Civ .App.—Austin
1966, no writ)........................................................................................................12

*Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253 (5th Cir. 2007) .................................................8

*Turner v. Ind. Union of Colored Laborers of Texas*, 392 S.W.2d 547 (Tex.Civ.App.—
Houston 1965, writ ref'd n.r.e.) ...........................................................................12

*Watson v. Graves*, 909 F.2d 1549 (5th Cir.1990). .....................................................................10

*Wirtz v. Pure Ice Co.*, 322 F.2d 259 (8th Cir. 1963)...................................................................11

## STATUTES

29 U.S.C. § 203(d) ..........................................................................................................5, 9

29 U.S.C. § 203(s)(1)..........................................................................................................5

29 U.S.C. § 203(r)...............................................................................................................15

## RULES & REGULATIONS

Fed. R. Civ. P. 56(c) ...........................................................................................................8

29 C.F.R. § 779.206 ............................................................................................................15

29 C.F.R. § 779.220 ............................................................................................................17

29 C.F.R. § 779.221 ............................................................................................................17

## I. SUMMARY

Defendants Lloyd Ward and Lloyd Ward, P.C. submit this Brief in support of their Motion for Summary Judgment as to all of Plaintiffs' causes of action. FED. R. CIV. P. 56. Plaintiffs allege they are owed unpaid overtime and that these Defendants are "employers" of Plaintiffs and/or an "enterprise" along with the other Defendants within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d) ("employer") and § 203(s)(1) ("enterprise"). Plaintiffs' claims fail as a matter of law based upon the undisputed facts in the record.

Despite the normal complications resulting from litigation, at this stage of the lawsuit, the legal issues are relatively clear making this case ripe for summary judgment.  Plaintiffs worked for either Defendant ABC Debt Relief, Ltd. Co. ("ABC") or Defendant The Debt Answer, LLC (TDA) in a variety of capacities—Plaintiffs were never directly employed by Lloyd Ward or Lloyd Ward, P.C.  ABC and TDA supplied marketing and other services to The Lloyd Ward Group, P.C. and/or Lloyd Ward & Associates, P.C.   Neither Lloyd Ward nor Lloyd Ward, P.C. engaged in any of the "command and control" activities courts examine to determine "employer" status.  Lloyd Ward, P.C. is, and at all relevant times has been, a separate and distinct entity from Lloyd Ward & Associates, P.C. (and Plaintiffs were placed on notice of this fact in July 2010) and The Lloyd Ward Group, P.C.  As to ABC and TDA, Lloyd Ward, P.C. does not perform related activities, shares no common purpose, and is not part of a unified operation—hence it cannot be part of an "enterprise" with the other Defendants.   Thus, summary judgment is appropriate on behalf of Lloyd Ward and Lloyd Ward, P.C. on all Plaintiffs' claims.

## II.  STATEMENT OF FACTS

1.   Lloyd Ward is an attorney licensed in the states of Arkansas and Texas. Appendix in Support of Defendants' Motion for Summary Judgment [Appx.] at 3 (Ward Decl. at ¶ 2).

2.  Lloyd Ward is the sole owner, officer, and director of Lloyd Ward, P.C., a Texas corporation formed in 2004 currently in good standing with the Texas Secretary of State. Appx. at 3 (Ward Decl. at ¶ 3).

3.  Lloyd Ward is also the sole owner, officer, and director of Lloyd Ward & Associates, P.C., a Texas corporation formed in 1995 currently in good standing with the Texas Secretary of State. Appx. at 4 (Ward Decl. at ¶ 5).

4.  "Lloyd Ward & Associates" is not an assumed name of Lloyd Ward, P.C. Appx. at 4 (Ward Decl. at ¶ 6).

5.  Lloyd Ward is also the sole owner, officer, and director of The Lloyd Ward Group, P.C., a Texas corporation formed in 2009 currently in good standing with the Texas Secretary of State. Appx. at 4 (Ward Decl. at ¶ 7).

6.  Lloyd Ward is not, and has never been an officer, director, or owner of ABC or TDA. Appx at 4 (Ward Decl. at ¶¶ 8, 12).

7.  The Lloyd Ward Group, P.C. and Lloyd Ward & Associates, P.C. had agreements with ABC and TDA regarding the provision of marketing and other services related to debt negotiation and debt settlement. Appx. at 4 (Ward Decl. at ¶ 9).

8.  Lloyd Ward and Lloyd Ward, P.C. never had an agreement with either ABC or TDA. Appx. at 4 (Ward Decl. at ¶ 10).

9.  Each Plaintiff deposed in this case has testified that their day-to-day work had no connection to Lloyd Ward personally.  Appx. at 7-8 (Casey Dep. P165-66); 14 (Castillo

Dep. P119-20); 19 (Cozart Dep. P203-05); 25-26 (Frank Dep. P88-90); 31 (Keel Dep. P158-60); 36 (Parker Dep. P124-25).

10. No Plaintiff has testified to any connection with Lloyd Ward, P.C.

11. Neither Lloyd Ward nor Lloyd Ward, P.C. paid any compensation to Plaintiffs.  Appx. at 4 (Ward Decl. at ¶ 15).

12. Neither Lloyd Ward nor Lloyd Ward, P.C. had any direct oversight over the Plaintiffs or any other employees of ABC or TDA.  Appx. at 4 (Ward Decl. at ¶ 14).

13. Neither Lloyd Ward nor Lloyd Ward, P.C. directed the Plaintiffs' work activities, schedule, rate of pay, or method of pay. Appx. at 5 (Ward Decl. at ¶ 16).

14. Neither Lloyd Ward nor Lloyd Ward, P.C. maintained any payment or employment records related to the Plaintiffs. Appx. at 5 (Ward Decl. at ¶ 17).

## III. ARGUMENT

### A.      Summary Judgment Standard.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986)).  "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted), *aff'd*, 131 S.Ct. 1651 (2011).

In the instant case, the burden of proof at trial to establish that Defendants are "employers" lies with the Plaintiffs, the non-movants. *See, e.g., Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995) ("In order to recover, the plaintiff must show that he was 'employed' by the [defendant] during the periods of time for which he claims unpaid overtime."). Thus Defendants need only satisfy their initial burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it need not negate the elements of the non-movant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).

When the moving party has met its Rule 56(c) burden, the non-moving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The non-movant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by

unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)). Of course, the court draws all reasonable inferences in the light most favorable to the non-moving party, *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008), but even in that light, the Plaintiffs' claims fail in this case against Lloyd Ward and Lloyd Ward, P.C.

**B.     Neither Lloyd Ward Nor Lloyd Ward, P.C. Are "Employers" In This Case As A Matter Of Law.**

While it is certainly true that Plaintiffs were "employees" of *someone* within the definition of the FLSA, Plaintiffs cannot demonstrate that either Lloyd Ward or Lloyd Ward, P.C. were their "employers."  It is undisputed that the Plaintiffs were never <u>literally</u> employed by either Defendant—the only remaining question is whether Plaintiffs can stretch the FLSA definition of "employer" to fit Lloyd Ward or Lloyd Ward, P.C.  As discussed *infra*, the answer is "no."

**1.     FLSA's "Employer" definition applied – the economic realities test.**

Whether a person is an employer under the FLSA is a question of law, although "subsidiary findings are of fact." *Beliz v. W.H. McLeod & Sons Packing Co.,* 765 F.2d 1317, 1327 (5th Cir. 1985).  The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).  This can include "an individual who, though lacking a possessory interest in the 'employer' corporation, effectively dominates its administration or otherwise acts, or has the power to act, on behalf of the corporation *vis-a-vis* its employees." *Donovan v. Sabine Irrigation Co., Inc.*, 695 F.2d 190, 194-95 (5th Cir. 1983).   Nevertheless, the designation "employer" under the FLSA does not automatically accompany supervisory responsibility or the designation "manager"; rather, to be an employer, an individual must "independently exercise control over

the work situation." *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984), *cert. denied*, 471 U.S. 1124 (1985). This requires not only a sufficient level of control, but also a nexus to the protected rights at issue. *Id*. at 972 (holding individual liable because "[i]t was only he who could authorize compliance with the Fair Labor Standards Act"). Courts, looking to economic realities, inquire whether the alleged employer: (1) has the actual authority to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990). In applying the economic reality test, courts look at "the totality of the circumstances." *Rudy v. Consol. Rest. Companies, Inc.*, 3:08-CV-0904-L BF, 2010 WL 3565418 at *6 (N.D. Tex. Aug. 18, 2010), report and recommendation adopted *sub nom., Rudy v. Consol. Rest. Companies Inc.*, 3:08-CV-0904-L, 2010 WL 3565422 (N.D. Tex. Sept. 3, 2010) (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir.1999)). "The ultimate question is whether the individual had 'supervisory authority over the complaining employee' and is 'responsible in whole or part for the alleged violation.'" *Id.* (quoting *Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir. 1987)).

A seminal case in this circuit regarding the practical application of the economic realities test is *Donovan v. Grim Hotel Co*. In that case, an individual and five corporations (each company owned a single hotel) were sued under the FLSA. *Id.* at 968. The Plaintiffs in that case sought to impose "employer" status on the owner of the five corporations. *Id.* In analyzing the "economic realities" the Fifth Circuit found the following:

> Here, to reiterate, the district court found the realities to be: Alberding [the individual] began and controlled the hotel corporations. He has held their purse-strings and guided their policies. It was only he who could authorize compliance with the Fair Labor Standards Act. He personally selected the manager of every hotel. He travelled to Texas to inspect the hotels and to solve major problems. The hotels were part of the Alberding family business. In short, the hotels, speaking pragmatically, were Alberding's and

3e4a1099

functioned for the profit of his family. Like the individual statutory employers in *Mack Farland* and *Janitorial Services*, *supra*, Alberding was the "top man."

*Id.* at 972 (citations and quotations omitted).  The court went on to distinguish the case before it from another wherein the Eighth Circuit noted that "the controlling shareholder of the corporation had not supervised the relationship between the corporation and its employees, and had nothing to do with the hiring of the employees or fixing their wages and hours." *Id.* (citing *Wirtz v. Pure Ice Co.*, 322 F.2d 259, 262–63 (8th Cir. 1963)) (quotations and citations omitted). As shown by Plaintiffs' testimony, neither Lloyd Ward, P.C. nor Lloyd Ward individually can be compared to the pervasively-involved hotel owner.

## 2.     Lloyd Ward, P.C. was not an employer of the Plaintiffs.

Plaintiffs do not contend that Lloyd Ward, P.C. was their "direct" employer—indeed they cannot as they have uniformly testified that they were hired and paid by Defendants TDA or ABC. *See, e.g.,* Appx. at 31 (Keel Dep. P159); 38 (Parker Dep. P132);   Therefore, the only question is whether Lloyd Ward, P.C. was their indirect employer under the FLSA's expanded definition.

On July 21, 2010, Defendants filed a Rule 12(b)(6) Motion attempting to have Plaintiffs' case dismissed.  In that motion, Defendants brought to Plaintiffs' attention that Plaintiffs were mistaken in the entity they had sued.  Defs' 12(b)(6) M. at 2 (filed July 22, 2010) (Dkt. No. 10). Specifically, Plaintiffs alleged that Lloyd Ward, P.C. was "doing business as" Lloyd Ward & Associates.  Pls' First Amended Pet. at 4 (filed April 14, 2011) (Dkt. No. 51-1).  This is not, and never has been, the truth.  Lloyd Ward & Associates, P.C. was incorporated in Texas on January 18, 1995, Taxpayer ID number 17525811109. Lloyd Ward, P.C. was incorporated in Texas nine years later on September 23, 2004, Taxpayer ID number 1201617362.  Appx. at 3-4 (Ward Decl. at ¶¶ 3, 5).  Plaintiffs chose to let their pleadings stand and have not sought to amend them to correct their mistake.

---

This is a key distinction because, while it may at least be argued that Lloyd Ward & Associates, P.C. or The Lloyd Ward Group, P.C. has some manner of connection with ABC and TDA (and therefore the potential for some employment connection with Plaintiffs), there is no evidence that Plaintiffs can present to prove that Lloyd Ward, P.C. has <u>any</u> such connection. Thus, applying the test, Plaintiffs can offer no evidence to suggest that Lloyd Ward, P.C. itself:

(1) had the actual authority to hire and fire the Plaintiffs;

(2) supervised or controlled Plaintiffs' work schedules or conditions of employment;

(3) determined the rate and method of Plaintiffs' payment; and

(4) maintained employment records for the Plaintiffs.

The entirety of both ABC and TDA were owned 50/50 by Lloyd Regner and Kevin Devoto.  Appx. at 45 (Longo Dep. P27-28); 46 (Longo Dep. P30). Any involvement with another entity was through Lloyd Ward & Associates, P.C. or The Lloyd Ward Group, P.C., <u>not</u> Lloyd Ward, P.C. *See, e.g*., Appx. at 48 (Longo Dep. P98-99).   As Lloyd Ward testified at his deposition, Lloyd Ward, P.C. is nothing more than his "personal PC" Appx. at 53-54 (Ward Dep. P19-20).  This fact is fatal to Plaintiffs' claims as they have only sued Lloyd Ward, P.C. and not Lloyd Ward & Associates, P.C. or The Lloyd Ward Group, P.C.  Texas courts hold that where there are two separate and distinct corporations and the wrong corporation is sued through mistaken identity, no judgment can rightfully be rendered against it. *Stessel v. Bekins Van & Storage Co*., 461 S.W.2d 434, 436 (Tex.Civ.App.—San Antonio 1970, no writ); *Thomas v. Cactus Drilling Corp. of Texas*, 405 S.W.2d 214 (Tex.Civ.App.—Austin 1966, no writ); *Turner v. Ind. Union of Colored Laborers of Texas*, 392 S.W.2d 547 (Tex.Civ.App.—Houston 1965, writ ref'd n.r.e.); *Krenek v. Epps Super Market No. 2, Inc*., 377 S.W.2d 753 (Tex.Civ.App.—Austin 1964, no writ); *Nail v. Wichita Falls & Southern Railroad Co*., 294 S.W.2d 431

(Tex.Civ.App.—Fort Worth 1956, no writ); *Cosand v. Gray Wolfe Co.*, 262 S.W.2d 547 (Tex.Civ.App.—Galveston 1953, no writ).

Assuming for the moment the absolute truth of Plaintiffs' deposition testimony, <u>no Plaintiff</u> has testified that Lloyd Ward, P.C. bears any connection to their employment—the record is bare.  There have been references to Lloyd Ward & Associates, P.C.  *See, e.g.,* Appx. at 25 (Frank Dep. P90-91). There is not one reference connecting Lloyd Ward, P.C. with Plaintiffs or with any of the other entities in an employment-related fashion.  Plaintiffs cannot demonstrate *any legal connection* to Lloyd Ward, P.C. because no connection exists.  As Plaintiffs have been placed on notice of their mistake for over a year and have not sought to correct it, summary judgment is appropriate for Lloyd Ward, P.C. on all Plaintiffs' claims.

### 3.      Lloyd Ward was not an employer of the Plaintiffs.

As is true of Lloyd Ward, P.C., Plaintiffs likewise do not contend that Lloyd Ward individually was their direct employer.  Thus, his liability could only arise if he met the broader "employer" definition under the FLSA. Again, the answer is "no."

Lloyd Ward is the owner of Lloyd Ward, P.C., but owns no share in TDA or ABC.  Appx. at 3-4 (Ward Decl. at ¶¶ 3, 11). It is true that individuals can be held liable as "employers" along with the corporate employers.  *See, e.g., Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 329 (5th Cir. 1993). However, for that to be true in this case, Lloyd Ward would have to be deemed an individual "employer" through either Defendant TDA or ABC as it has already been demonstrated that Lloyd Ward, P.C. is entirely unconnected to the Plaintiffs or the other Defendant entities.

Even though Lloyd Ward does not own any part of ABC or TDA, he could still be considered an "employer" of employees of those companies under very limited circumstances.  *Id.*  Specifically, by being an individual "who, though lacking a possessory interest in the

'employer' corporation, effectively dominates its administration or otherwise acts, or has the power to act, on behalf of the corporation *vis-a-vis* its employees." *Id.* (quoting *Sabine Irrigation Co.*, 695 F.2d at 194-95 (recognizing that if an individual is deemed an employer under the FLSA, he may be enjoined along with the corporate employer), *cert. denied*, 463 U.S. 1207 (1983)); *see also Grim Hotel Co.*, 747 F.2d at 972 (observing that an individual qualifies as an employer if he "independently exercised control over the work situation") The *Reich* case offered detailed analysis in finding that a strip club "consultant" was really an "employer":

> Charles Cranford does not have an ownership interest in Circle C and does not control the day-to-day operations of Circle C. His "consulting" agreement with Circle C purports to exclude personnel matters from his responsibilities. But the testimony at trial convinces us that Charles Cranford exercised control over the work situation: he was the driving force behind Circle C; he hired two of the dancers who testified at trial; several of the witnesses identified him as their supervisor and testified that he gave specific instructions to employees; when he was at the nightclubs, the dancers were required to dance to his favorite songs; he removed money from Circle C's safes; he signed employees' payroll checks; he ordered one employee to refrain from keeping records of the tip-outs; and he spoke for Circle C during the Secretary's investigation of possible FLSA violations. In addition to the above evidence, the Secretary introduced an inter-office memorandum that purports to be from Charles Cranford. The memorandum reports fines that had been assessed for rule infractions and warns of future fines if certain rules were not obeyed. Charles Cranford denies dictating or writing this memorandum. One of the Secretary's witnesses, however, testified that inter-office memoranda from Charles Cranford were common.

*Circle C. Investments, Inc*., 998 F.2d at 329.  Clearly, Mr. Cranford's involvement with Circle C was as an owner or employer in everything but name. In contrast, Lloyd Ward had no interaction with the employees of ABC or TDA vis-à-vis their employment.  Appx. 4-5 (Ward Dec. ¶¶ 13-17).

**C.**     **Lloyd Ward, P.C. Is Not Part Of A "Single Enterprise" With Other Defendants In This Case As A Matter Of Law.**

**1.**     **FLSA's "enterprise" definition applied.**

Whether Lloyd Ward, P.C. and either TDA or ABC were together an "enterprise" is also a question of law. *Dunlop v. Ashy*, 555 F.2d 1228, 1229 (5th Cir. 1977). For purposes of the FLSA, "enterprise" means related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments by one or more corporate or other organizational units. 29 U.S.C. § 203(r). The Fifth Circuit has considered this statutory definition, its legislative history, and interpretive administrative regulations, and has concluded that, despite corporate fragmentation in operation, a single "enterprise" may nevertheless exist for the purpose of the Act where: (A) the corporations perform related activities, (B) through unified operation or common control, or (C) for a common business purpose. *Donovan v. Janitorial Services, Inc.,* 672 F.2d 528, 530 (5th Cir. 1982); *Brennan v. Veterans Cleaning Service, Inc.,* 482 F.2d 1362, 1366–67 (5th Cir. 1973); *Shultz v. Mack Farland & Sons Roofing Co.,* 413 F.2d 1296, 1299 (5th Cir. 1969). More than a common goal to make a profit, however, must be shown to satisfy the requirement. *Veterans Cleaning Serv*, 482 F.2d at 1367.

**2.**     **Lloyd Ward, P.C. was not part of an "enterprise" under the test.**

*a.*     *Related Activities*

The FLSA does not define the term "related activities."  The Code of Federal Regulations indicates that activities will be regarded as 'related' when they are the same or similar or when they are auxiliary or service activities such as warehousing, bookkeeping, purchasing, advertising, including, generally, all activities which are necessary to the operation and maintenance of the particular business.  29 C.F.R. § 779.206 (citing S. Rep. No. 145, 87th Cong., 1st Sess. at 41, for a definition).

Using this analysis, the Fifth Circuit examined the relationship between an equipment leasing company and a company that provided labor in a suit against both companies for unpaid overtime. *Reich v. Bay, Inc.*, 23 F.3d 110, 114-16 (5th Cir. 1994). The court noted that the two companies shared far more than the goal to make profit:

> Under this definition the district court properly concluded that Bay and BBI engaged in related activities. The two companies shared office space under one name, "Berry," the family name of the owners of both companies. Bay and BBI also shared several officers and directors. Bay provided BBI with bookkeeping, payroll, recruitment, and advertising services. Both companies kept business records in the same area, and the same individual controlled the records of both companies. Although Bay is in the business of leasing equipment and BBI was in the business of providing labor, two different purposes, the two entities operations were inextricably linked. Supplying Bay with labor constituted 90% of BBI's business, Bay received the majority of its blue collar labor from BBI, and BBI closed its shop when Bay ceased utilizing its services.

*Id.* at 114. Under this framework, Lloyd Ward, P.C. cannot be an "enterprise" as there is no evidence that Plaintiff can offer that would demonstrate that its activities were connected at all with TDA or ABC.[1]

### b.      Unified Operation or Common Control

Section 203(r) also requires proof of either common control or unified operation of the companies. *Bay, Inc.*, 23 F.3d at 114 (citing *Dunlop v. Lourub Pharmacy, Inc.*, 525 F.2d 235, 236 (6th Cir. 1975)). The Code of Federal Regulations also provides guidance as to what constitutes "common control":

> The word "control" may be defined as the act of fact of controlling; power or authority to control; directing or restraining domination. "Control" thus includes the power or authority to control * * * [It] includes the power to direct, restrict, regulate, govern, or administer the performance of the activities. "Common" control includes the sharing of control and it is not limited to sole control or complete control by one   person or

---

[1] Plaintiffs confusingly assert in their pleading that Lloyd Ward individually is part of the "enterprise" as well. Defendants can find no authority to suggest that an individual can be part of an "enterprise" – rather, the analysis of individual liability in the corporate context always turns on whether the individual is also an "employer" of the employees. To the extent that Plaintiffs persist in this contention, the analysis of Lloyd Ward status as a component of an "enterprise" is identical to that of Lloyd Ward, P.C.

corporation. "Common" control therefore exists where the performance of the described activities are controlled by one person or by a number of persons, corporations, or other organizational units acting together.

29 C.F.R. § 779.221.  In *Bay, Inc.* the unified operations and common control were clear:  both were family companies with family members interchangeably serving as directors and officers of both companies. 23 F.3d at 115.  The court stated that "the determinative question is whether a common entity has the power to control the related business operations." *Id.* (quoting *Donovan v. Easton Land & Development, Inc.*, 723 F.2d 1549, 1552–53 (11th Cir. 1984), citing *Mack Farland & Sons Roofing Co.*, 413 F.2d at 1301).

The Code of Federal Regulations also informs on the definition of a unified operation: Whether there is unified operation of related activities will thus be of concern primarily in those cases where the related activities are separately owned or controlled but where, through arrangement, agreement or otherwise, they are so performed as to constitute a unified business system organized for a common business purpose. 29 C.F.R. § 779.220. Again, in *Bay, Inc.* one company performed many different functions for the other—they were "mutually parasitic." 23 F.3d at 115.  Because of their unification, they each enjoyed the benefits of reduced administrative costs.  *Id.*

The *Grim Hotel* case also provided helpful questions to ask when considering whether two companies are unified for a common purpose:  "We must look beyond formalistic corporate separation to the actual or pragmatic operation and control, whether unified or, instead, separate as to each unit. How centralized is the making of significant corporate decisions? Did a single source create and fund the corporations or businesses in issue or were they created and funded by separate interests? How interdependent are those corporations or businesses in actual operation? Are they held out to the public singly or collectively?" 747 F.2d at 970.

In this respect, Lloyd Ward, P.C. is even further removed from TDA and ABC – they share nothing in common as to operation or control.  As noted repeatedly, their ownership and

origins are completely separate.  There is simply no evidence to suggest that Lloyd Ward, P.C. has a unified operation or common control with TDA or ABC.

> ### c.    Common Business Purpose.

A common business purpose exists if "the separate corporations engaged in complementary businesses, and were to a significant degree operationally interdependent." *Bay, Inc.*, 23 F.3d at 115-16 (quoting *Janitorial Services, Inc.*, 672 F.2d at 530); *see also Grim Hotel Co.*, 747 F.2d at 971; *Veterans Cleaning Serv., Inc.*, 482 F.2d at 1367 (5th Cir.1973).  The two companies in *Bay, Inc.* essentially could not exist without each other.  *Id.*  This cannot be said of Lloyd Ward, P.C. and either TDA or ABC.  Had Plaintiffs sued either Lloyd Ward & Associates, P.C. or The Lloyd Ward Group, P.C., this analysis might be very different.  However, Plaintiffs have not done so.  Lloyd Ward, P.C. is in no way operationally interdependent with TDA or ABC.

None of the three factors necessary to find "enterprise" are present, and Plaintiffs cannot bring evidence to the contrary.  Summary judgment is appropriate for Defendants on all claims.

**D.    Even If These Defendants Qualify As Employers Or An "Enterprise," The Plaintiffs Still Cannot Prevail As A Matter of Law**

Rather that double this Court's reading load with repetitive briefing, Defendants adopt and incorporate Defendants ABC, TDA and Lloyd Regner's anticipated summary judgment briefing applicable to the Plaintiffs in this case in support of this motion for summary judgment and request that the Court grant judgment on each applicable exemption or issue set forth therein.  Specifically, Defendants request that, if the Court were to conclude that Lloyd Ward and/or Lloyd Ward, P.C. were in fact "employers" of the Plaintiffs, summary judgment is still appropriate for these Defendants in this case for the additional reasons stated by the other Defendants.

## IV.  CONCLUSION

The FLSA's reach is broad, but not unlimited.  In this case, the actions of Lloyd Ward and Lloyd Ward, P.C. do not give rise to "employer" status under the FLSA.  Mr. Ward did not have or exercise control over the employment conditions the Plaintiffs experienced.  He did not set payment policy for ABC or TDA.  Likewise, Lloyd Ward, P.C. is not an entity engaged with the Plaintiffs or any other Defendant entity.  To the extent that Plaintiffs mistakenly named that entity instead of Lloyd Ward & Associates, P.C. or The Lloyd Ward Group, P.C., Plaintiffs must bear the consequences of that action.  Summary judgment is ripe on these claims because Defendants have demonstrated that no genuine issue of material fact exists.  Defendants respectfully request an order from this Court granting summary judgment on all Plaintiffs' claims.