IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRIAN PARKER,** *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-1332-P |
| | § | |
| **ABC DEBT RELIEF, LTD. CO.,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

### PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Under FED. R. CIV. P. 56, Plaintiffs move for partial summary judgment on the elements of the claims and defenses stated below, as set forth in the Brief in Support of Plaintiffs' Motion for Partial Summary Judgment, and as shown by the evidence submitted in the accompanying Appendix in Support of Plaintiffs' Motion for Partial Summary Judgment.

**Summary**

Plaintiffs move for summary judgment on the issue of Defendants' liability for violating the wage-and-hour provisions of the Fair Labor Standards Act ("FLSA"). The elements to prove this claim are: (1) Plaintiffs are covered employees; (2) Defendants employed Plaintiffs; (3) Plaintiffs worked in excess of 40 hours in a given workweek; (4) Defendants failed to adequately compensate Plaintiffs for overtime worked; and (5) Defendants knew or had reason to believe Plaintiffs worked overtime. Plaintiffs move for summary judgment on the issue of the Defendants' status as employers and joint employers of Plaintiffs. Plaintiffs move for summary judgment against Defendants on all exemptions, affirmative defenses, and affirmative relief pleaded by Defendants, including, without limitation: (1) all 29 U.S.C. § 213 exemptions; (2) Plaintiffs were properly compensated; (3) offsets; (4) time was difficult to record;

(5) Plaintiffs are not similarly situated; (6) good faith; (7) judgment on claims for relief; and (8) recovery of attorneys' fees and costs. Plaintiffs move for summary judgment on the issue that the Defendants willfully violated the FLSA, and that the three-year statute of limitations thus applies to Plaintiffs' claims.

1.      **Liability for FLSA Wage-and-Hour Violations.**

Plaintiffs move for summary judgment on the Defendants' liability under the FLSA's overtime provisions codified as 29 U.S.C. §§ 207(a)(1), 216(b). The evidence establishes that there is no genuine issue of material fact regarding Plaintiffs' status as employees covered by the overtime provisions of the FLSA, that Defendants employed Plaintiffs as a matter of law, that Plaintiffs worked in excess of 40 hours in a given workweek, that the Plaintiffs worked off-the-clock hours, that Defendants failed to adequately compensate Plaintiffs for all overtime worked, and that Defendants knew or had reason to believe Plaintiffs worked overtime hours, including on- and off-the-clock hours. The Plaintiffs are entitled to judgment on liability as a matter of law.

2.      **Employer and Joint Employer Status.**

Plaintiffs move for summary judgment on Defendants' employer and joint employer status because the evidence establishes that there is no genuine issue of material fact that Defendants are employers and joint employers of Plaintiffs under the FLSA. The Defendants are individually and jointly liable to Plaintiffs for violating the overtime provisions of the FLSA as a matter of law.

3.      **Exemptions.**

Plaintiffs move for summary judgment on Defendants' affirmative defense that Plaintiffs are exempt from the overtime provisions of the FLSA under 29 U.S.C. § 213. There is no genuine issue of material fact that the exemptions set forth in 29 U.S.C. § 213 do not apply to the

Plaintiffs as a matter of law. Plaintiffs move for summary judgment on the issue of the administrative exemption because there is no genuine issue of material fact pertaining to the job functions performed by Plaintiffs, and the administrative exemption does not apply to Plaintiffs as a matter of law. Plaintiffs move for summary judgment on the issue of the outside sales exemption because there is no genuine issue of material fact relating to the primary duties of Plaintiffs or that Plaintiffs regularly worked at Defendants' place of business as a matter of law, and the outside sales exemption does not apply to Plaintiffs as a matter of law.

**4.      Affirmative Defenses.**

Plaintiffs move for summary judgment on Defendants' affirmative defense that Plaintiffs were properly compensated under the FLSA for all overtime worked because there is no genuine issue of material fact that the Defendants cannot meet their burden on this defense. Plaintiffs move for summary judgment on Defendants' affirmative defense that ABC Debt Relief, Ltd. Co. ("ABC") is entitled to an offset against any amounts paid or overpaid to Plaintiffs, as there is no genuine issue of material fact that Defendants cannot meet their burden. Plaintiffs move for summary judgment on Defendants' affirmative defense that Plaintiffs' time was irregular and practically and administratively difficult to record because there is no genuine issue of material fact that this affirmative defense fails as a matter of law. Plaintiffs move for summary judgment on Defendants' affirmative defense that Plaintiffs or members of the putative class are not similarly situated or that Plaintiffs' claims reflect variability because there is no genuine issue of material fact that Defendants cannot meet their burden as matter of law. The Plaintiffs move for summary judgment on the Defendants' affirmative defense that ABC acted in good faith to comply with its obligations under the FLSA and that the Plaintiffs are not entitled to liquidated

damages, as there is no genuine issue of material fact that no evidence supports this affirmative defense.

## 5. Affirmative Relief.

Plaintiffs move for summary judgment on Defendants' prayer for judgment against Plaintiffs on all claims for relief, as Defendants have not asserted any claims for relief, and there is no genuine issue of material fact that Defendants are not entitled to judgment on any claims for relief as a matter of law. Plaintiffs move for summary judgment on Defendants' prayer for an award of Defendants' reasonable costs and attorneys' fees, as there is no genuine issue of material fact that Defendants are not entitled to recover costs or attorneys' fees from Plaintiffs under the FLSA or any other grounds as a matter of law.

## 6. Three-Year Statute of Limitations.

Plaintiffs move for summary judgment on the issue that the Defendants willfully violated the FLSA, and that the three-year statute of limitations thus applies to Plaintiffs' claims. The evidence establishes that there is no genuine issue of material fact to refute that Defendants knew or acted with reckless disregard for the truth that Defendants violated the FLSA as a matter of law.

## Conclusion & Prayer for Relief

Accordingly, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Partial Summary Judgment on all elements of the claims and defenses stated above, as set forth in the Brief in Support of Plaintiffs' Motion for Partial Summary Judgment, and upon consideration of the evidence submitted in the Appendix in Support of Plaintiffs' Motion for Partial Summary Judgment.

Dated: December 2, 2011 Respectfully submitted,

By: */s/ Charles W. Branham, III*
**Charles W. Branham, III**
Texas Bar No. 24012323
tbranham@goldfarbbranham.com
**Jeffrey Goldfarb**
Texas Bar No. 00793820
jgoldfarb@goldfarbbranham.com
**Todd B. Goldberg**
Texas Bar No. 24072121
tgoldberg@goldfarbbranham.com

GOLDFARB BRANHAM LLP
Saint Ann Court
2501 N. Harwood Street, Suite 1801
Dallas, Texas 75201
214.583.2233 (Telephone)
214.583.2234 (Facsimile)

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

On December 2, 2011, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Charles W. Branham, III*
Charles W. Branham, III