**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BRIAN PARKER, *et al.*,** | § | |
| | § | |
| ***Plaintiffs,*** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:10-CV-1332-P** |
| | § | |
| **ABC DEBT RELIEF, LTD. CO., *et al.*,** | § | |
| | § | |
| ***Defendants*.** | § | |

# PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' SECOND MOTIONS FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

## Introduction & Procedural History

Under LOCAL RULE 56.2(b), "Unless otherwise directed by the presiding judge, or permitted by law, a party may file no more than one motion for summary judgment."[1] Nevertheless, Defendants ABC Debt Relief, Ltd. Co. ("ABC"), The Debt Answer, LLC ("The Debt Answer"), Lloyd Ward, P.C. d/b/a Lloyd Ward Associates ("Lloyd Ward, P.C."), and Lloyd Regner (collectively, "Defendants") filed second motions for summary judgment in violation of this rule.[2] The Plaintiffs respectfully request that the Court strike the second motions.

On May 25, 2011, the Defendants filed their first motion for summary judgment.[3] The Court denied the motion on August 3, 2011.[4] On December 2, 2011, the Defendants filed second

---

1 N.D. TEX. LOCAL RULE 56.2(b).

2 *See id.*

3 *See* Defendant's Motion for Summary Judgment as to Scott Wood (Doc. 61) (filed by ABC, The Debt Answer, Lloyd Regner, and Lloyd Ward, P.C.).

4 *See* Order (Doc. 79) (denying the motion for summary judgment as moot).

motions for summary judgment without seeking leave of Court or asserting a legal basis permitting them to file an additional motion.[5]

The Defendants include Lloyd Ward, P.C., a law firm, and affiliated parties that were all represented in this matter until mid-October 2011 by Defendant Lloyd Ward,[6] who is a lawyer admitted to practice before this Court, the sole shareholder of Lloyd Ward, P.C., and continues to represent Lloyd Ward, P.C. and himself. The Defendants should not be permitted to file a second motion for summary judgment as a result of their own failure to raise in their initial motion all issues for which they contend that summary judgment may be appropriate. That failure lies directly at the feet of the Defendants, and the Plaintiffs respectfully request that the Court strike the second motions for summary judgment filed by the Defendants in violation of the local rules.

**Argument & Authorities**

The Court is empowered to strike second motions for summary judgment filed in violation of LOCAL RULE 56.2(b).[7] In *DVH Cos., Inc. v. Bropfs Corp.*, this very Court considered LOCAL RULE 56.2(b) and posited:

> Local Rule 56.2(b) states that a party is limited to one motion for summary judgment in a case. Thus, any summary judgment motion should take into consideration all evidence procured through discovery and should encompass all issues for which summary judgment is appropriate.[8]

---

[5] *See* Defendants Lloyd Ward and Lloyd Ward, P.C.'s Motion for Summary Judgment (Doc. 128); Defendants' Motion for Summary Judgment (Doc. 132) (filed by ABC, The Debt Answer, and Lloyd Regner).

[6] Mr. Ward, in his individual capacity, is the only defendant who has filed only one motion for summary judgment, and the Plaintiffs therefore do not move to strike Defendants Lloyd Ward and Lloyd Ward, P.C.'s Motion for Summary Judgment only as the motion relates to Mr. Ward individually. (*See* Doc. 128.)

[7] *See Aetna Life Ins. Co. v. Kaufman Indep. School District*, No. 3:99-CV-1085-G, 2000 WL 284194, at *1 (N.D. Tex. March 15, 2000) (Fish, J.) (striking portions of a party's reply in support of their motion for summary judgment that were not raised in their motion because these additional grounds constituted a second motion for summary judgment in violation of LOCAL RULE 56.2(b)).

[8] *DVH Cos., Inc. v. Bropfs Corp.*, No. 3:06-CV-2084-P, 2007 WL 3284324, at *3 (N.D. Tex. Nov. 6, 2007) (Solis, J.) (denying motion for summary judgment as premature and holding that the Court was unwilling to rule on the motion for summary judgment at that point in the litigation). Unlike in *DVH*, the Court did rule on the Defendants' first motion for summary judgment. *Compare id. with* Order (Doc. 79).

The Defendants may argue that their first motion for summary judgment was limited to certain claims or certain parties, but this contention does not excuse the Defendants from complying with the local rules (which they did not even attempt to do).[9] Rather, the Defendants are barred from filing second motions for summary judgment because they have already exhausted the one summary judgment permitted by the local rules, and they did not seek leave of Court or provide any legal basis for filing a second motion.[10]

**Conclusion & Prayer for Relief**

For these reasons, the Plaintiffs respectfully request that the Court strike the second motions for summary judgment filed by the Defendants in violation of LOCAL RULE 56.2(b), and, in the event that the Defendants belatedly seek leave, that the Court decline to grant the Defendants leave to file second motions for summary judgment.

---

9 *See* N.D. TEX. LOCAL RULE 56.2(b).

10 *See Capers v. Dallas Indep. School District*, No. 3:03-CV-1305-M, 2004 WL 993549, at *1 (N.D. Tex. May 3, 2004) (Lynn, J.) (holding that a plaintiff was barred from filing a second motion for summary judgment absent leave of Court or a showing that a second motion is permitted by law); *Levy v. City of Rio Grande City*, No. 3:04-CV-0381-B, 2006 WL 3831299, at *3 (N.D. Tex. Dec. 28, 2006) (Boyle, J.) (holding that the summary judgment mechanism was not available to a defendant that had already filed a motion for summary judgment).

Dated: December 12, 2011

Respectfully submitted,

By: */s/ Charles W. Branham, III*

**Charles W. Branham, III**
Texas Bar No. 24012323
tbranham@goldfarbbranham.com
**Jeffrey Goldfarb**
Texas Bar No. 00793820
jgoldfarb@goldfarbbranham.com
**Todd B. Goldberg**
Texas Bar No. 24072121
tgoldberg@goldfarbbranham.com

**GOLDFARB BRANHAM LLP**
Saint Ann Court
2501 N. Harwood Street, Suite 1801
Dallas, Texas 75201
214.583.2233 (Telephone)
214.583.2234 (Facsimile)

***Attorneys for Plaintiffs***

**CERTIFICATE OF CONFERENCE**

Pursuant to LOCAL RULE 7.1, I certify that I held a conference with counsel for all defendants by sending an e-mail on December 10, 2011 stating the basis for the relief requested in this motion. The defendants have responded that they are opposed to the relief sought in this motion, and, therefore, I present it to the Court for consideration.

*/s/ Charles W. Branham, III*
Charles W. Branham, III

**CERTIFICATE OF SERVICE**

On December 12, 2011, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Charles W. Branham, III*
Charles W. Branham, III